[Crim. No. 6665.   Second Dist., Div. Three.   Dec. 23, 1959.]

THE PEOPLE, Respondent, v. HAROLD ORVILLE LENABERRY, Appellant.

Harold Orville Lenaberry, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

SHINN, P. J.—Harold Orville Lenaberry was charged with burglary, committed by entering a 1958 Chevrolet with intent to commit theft. It was also alleged that he had suffered four prior convictions of felonies for which he had served prison terms. The prior convictions were proved and the allegations of the same were found to be true. The appeal

is from the judgment and sentence which we construe as a single appeal from the judgment.

Defendant was represented by a deputy public defender. Trial by jury was duly waived. Pursuant to stipulation the cause was tried upon the evidence adduced at the preliminary examination and other evidence received at the trial.

There was evidence that defendant was seen entering cars on a parking lot; police officers were called; defendant ran, jumped over a wall, was overtaken and arrested. The Chevrolet was locked; when the owner returned to it he found that a wind wing had been broken. After his arrest defendant voluntarily stated to two officers that he had entered several cars, one of them a Chevrolet, and that he had broken wind wings with a beer can opener; he was looking for anything of value but did not intend to steal the cars. A beer can opener was found in his pocket. Defendant admitted at the trial that he had entered several unlocked cars but denied having broken any wind wings; two cars had broken wind wings when he entered the lot; he ran from the officers because he was on parole and an arrest would cause his return to prison.

Defendant has filed a brief in propria persona. ■■■ He urges insufficiency of the evidence in that there was no evidence that he entered the particular Chevrolet described in the information. The Chevrolet was sufficiently identified as one defendant entered by evidence of the broken wind wing and the admissions of defendant. Further contentions that defendant was not properly represented by the deputy public defender and that his confessions were not made voluntarily have no support whatever in the record.

In his brief defendant asks that counsel be appointed to represent him on the appeal. He had made no previous request. The application is denied. Appointment of counsel would serve no useful purpose. The appeal has no semblance of merit.

The judgment which is also referred to as the sentence is affirmed.

Vallée, J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 17, 1960.